UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN LOUIS SUTTER,

    Plaintiff,

v.                                                                 CASE NO. 8:16-cv-965-T-23TGW

HILTON GARDEN INNS
MANAGEMENT, LLC, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

On April 18, 2012, Shawn Sutter allegedly paid Tampa's Hilton Garden Inn $1,089.76 in cash to rent a room for a week. Within two hours after Sutter's occupying the room, several purported "meth addicts," skin scabbed and clothes disheveled, visited the room. (Doc. 1-1 at 6) After a Hilton employee alerted police to suspected criminality, a sheriff's deputy arrived and observed "a haze of smoke . . . emanating" from beneath the door of the room. (Doc. 1-3 at 8) With a maid's keycard the deputy opened the door a crack (the security chain barred entry) and persuaded one of the room's several occupants to unchain the door and to permit entry. (Doc. 1-2 at 4) A scale and a glass pipe lay on the dresser, and a search of the room revealed a pound of methamphetamine.

The United States charged Sutter with possession with intent to distribute methamphetamine and conspiracy to distribute methamphetamine. *United States v.*

*Mooers, et al.*, 8:12-cr-301-RAL-MAP. After unsuccessfully moving to suppress the methamphetamine and the drug paraphernalia, Sutter pleaded guilty to both charges.

A December 20, 2016 order (Doc. 48) dismisses the initial complaint (Doc. 1) for failure to invoke subject-matter jurisdiction, failure to serve the defendants, and failure to comply with Rule 10(b), Federal Rules of Civil Procedure. Sutter amends the complaint (Doc. 51) to sue Hilton Worldwide and Hilton Garden Inns Management for negligence, negligent infliction of emotional distress, invasion of privacy, and intrusion on seclusion. Again, the defendants move (Doc. 54) to dismiss the action for failure to invoke subject-matter jurisdiction and failure to state a claim.

## DISCUSSION

**1. The complaint fails to invoke subject-matter jurisdiction.**

Attributing to Hilton the consequences of Sutter's possession of methamphetamine and Sutter's conspiring to distribute methamphetamine, Sutter requests $2,000,000 and alleges that the defendants' tortious conduct caused:

> severe and permanent emotional distress, embarrassment, 277 months loss of liberty, 277 months loss of wages, substantial attorneys fees in excess of $50,000, loss of property and U.S. currency in excess of $100,000, loss of business, loss of earning capacity, and future medical expenses.

(Doc. 51 at 18) Because an intervening cause (Sutter's criminality) eliminates the causal connection between Hilton's call and Sutter's imprisonment, Sutter cannot recover any money from Hilton. *See Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (explaining that a claim for more than $75,000

fails to invoke subject-matter jurisdiction if apparent "to a legal certainty" that the claim "is really for less than" $75,000.01) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Because the amount in controversy certainly is less than $75,000 and because no federal question appears, Sutter fails to invoke subject-matter jurisdiction.

**2. The complaint fails to state a claim.**

Even if Sutter invokes subject-matter jurisdiction, the claims for negligence and negligent infliction of emotional distress fail to state a claim.  First, Hilton's reporting suspected criminality to the police breaches no duty owed by Hilton to Sutter, who severely deludes himself if he perceives a right to engage — unreported and undisturbed — in flagrantly felonious activity protected by the legally enforced silence of a knowledgeable observer.  Second, negligence and negligent infliction of emotional distress require that the defendant's breach proximately caused the plaintiff's injury.  *Gooding v. University Hosp. Bldg., Inc.*, 445 So. 2d 1015 (Fla. 1984) (negligence); *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995) (negligent infliction of emotional distress).  As explained above, Sutter's criminality intervened to eliminate a causal connection between Hilton's call and Sutter's incarceration.

Also, Sutter sues for "invasion of privacy," which describes a category of four torts (intrusion on seclusion, appropriating another's name or image, unreasonably publicizing another's private life, and false light).  *See Williams v. City of Minneola*, 575 So. 2d 683, 689 n.5 (Fla. 5th DCA 1991) (Dauksch, J.).  Because Sutter sues for

both "invasion of privacy" and "intrusion on seclusion," the invasion-of-privacy claim warrants dismissal under Rule 12(f) as redundant.

Intrusion on seclusion requires an intentional intrusion on the "solitude or seclusion" of the plaintiff's "private affairs." Also, a reasonable person must find the intrusion "highly offensive." *Restatement (Second) of Torts*, § 652(b). Sutter alleges that Hilton intruded on Sutter's seclusion by reporting Sutter's presence at the hotel, by providing police with a keycard to access Sutter's room, and by reporting Sutter's suspected criminality. But a reasonable person could not find offensive Hilton's reporting of suspected criminality or Hilton's cooperation with the police. And Sutter's suspected criminality is not a private affair. On the contrary, Congress enacted for the public's welfare a statute that criminalizes the possession of methamphetamine and a statute that criminalizes a conspiracy to distribute methamphetamine. Because Sutter cannot state a claim against Hilton for reporting Sutter's suspected criminality, amending the complaint is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that an order need not grant a plaintiff leave to submit a "futil[e]" amendment).

## CONCLUSION

A call from a Hilton employee alerted police to Sutter's criminality, and a search of Sutter's hotel room uncovered a pound of methamphetamine. Suing Hilton for negligence, negligent infliction of emotional distress, and intruding on Sutter's privacy, Sutter faults Hilton for his arrest, conviction, and consequent imprisonment.

But an intervening cause — Sutter's felonious possession of a pound of methamphetamine and Sutter's felonious conspiracy to distribute the methamphetamine — eliminates a causal connection between Hilton's call and Sutter's incarceration. Because the amount in controversy resulting from Hilton's allegedly tortious conduct certainly is less than $75,000.01, Sutter fails to invoke diversity jurisdiction. The defendants' motion (Doc. 54) to dismiss is **GRANTED**, and the action is **DISMISSED** under Rule 12(b)(1). Even if Sutter invokes subject-matter jurisdiction, the action warrants dismissal under Rule 12(b)(6) because the complaint fails to state a claim and because amendment is futile. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on March 9, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE